

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-19-2009

# Mark Fisher v. Roan Confer, Jr.

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3297

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Mark Fisher v. Roan Confer, Jr." (2009). *2009 Decisions.* Paper 1851.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1851

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-91                                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-3297

MARK B. FISHER,
                              Appellant
v.

ROAN J. CONFER, JR.

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 08-cv-00778)
District Judge:  Honorable Malcolm Muir

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 5, 2009

Before: BARRY, AMBRO and SMITH,  Circuit Judges

(Opinion filed:February 19, 2009)

OPINION

PER CURIAM

    Appellant Mark B. Fisher, a Pennsylvania state prisoner, filed an in forma pauperis

civil rights complaint under 42 U.S.C. § 1983 in United States District Court for the

Middle District of Pennsylvania, in which he alleged that his privately retained defense attorney, Roan J. Confer, Jr., violated his constitutional rights. Fisher alleged that Confer conspired with Lycoming County investigating officer Thomas Ungard, Jr., to bring about Fisher's conviction on drug charges. He alleged in the complaint that Ungard had been indicted by the state Attorney General and dismissed from a drug task force.

In an order filed on April 29, 2008, the District Court dismissed the complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B).[1] The District Court explained that a federal civil rights action under § 1983 may only be maintained against a defendant who acts under color of state law, West v. Atkins, 487 U.S. 42, 48 (1988), and a privately retained attorney is not a "state actor" for purposes of § 1983 when performing the traditional functions of defense counsel in a criminal proceeding, Polk County v. Dodson, 454 U.S. 312 (1981). Noting that liability would attach if a private party conspired with a state actor, Dennis v. Sparks, 449 U.S. 24, 27-28, the District Court held that Fisher's vague allegations of a conspiracy between defense counsel and the police were frivolous. Fisher was given thirty (30) days to amend his complaint or suffer dismissal.

---

[1] Section 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that – ... (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Fisher filed one item within thirty days as required by the District Court's order, an item titled "Motion for Amendment Supplemental Pleading for all Discovery in Orphans' Court ... in the Matter of Delores R. Fisher, etc." He filed one other item on the thirty-first day (May 30, 2008), a 10-page motion to amend the complaint (Docket Entry No. 9), as well as numerous exhibits from matters pertaining to his state court prosecution. On June 2, 2008, the District Court dismissed the case under 28 U.S.C. § 1915(e)(2)(B), concluding that Fisher's timely submission apparently concerning an estates matter would not suffice as an amendment to cure the defects in his original complaint.

Fisher then filed a "Motion for Objection of Order, etc.," in which he called the court's attention to his 10-page motion to amend the complaint, and asked the court to give it consideration as an attempt to comply with the original order granting him permission to amend. See Docket Entry 12. He also resubmitted the motion to amend the complaint. See Docket Entry No. 13. In an order filed on June 13, 2008, the District Court stood by its original decision that the action could not be maintained under § 1983. The court stated that the most recent submissions were rambling and incomprehensible, and not in compliance with Federal Rule of Civil Procedure 8. For example, Fisher had failed to specify the particular conduct of each defendant named, including the date or dates of the alleged constitutional violations, and he still had not set forth a claim upon which relief may be granted. The court also faulted Fisher for not filing an amended

3

complaint by the thirty-day deadline, and filing instead an irrelevant item concerning an estates matter. The two submissions were ordered stricken from the record.

Fisher tried one last time to amend his complaint, and submitted one more motion, explaining generally that a conspiracy existed among his defense counsel, the investigating police officers, and an assistant district attorney, the purpose of which was to secure his conviction by means of entrapment. See Docket Entry No. 16. In this motion, Fisher claimed that one of the investigating officers "drugged" the Coke and cheeseburgers given to him in the police interrogation room, which caused him to give a videotaped confession. The motion also contained an explanation of sorts of the estates matter, which happened to involve his mother.

On July 14, 2008, the District Court ordered that this item be stricken from the record. Once again, the court noted that the deadline for amending the complaint had passed, but the court also reiterated its previous reasons for dismissing Fisher's case under 28 U.S.C. § 1915(e)(2)(B). The court pointed out that leave to amend had been granted, but Fisher was unable to submit an amendment adequate to survive dismissal under the in forma pauperis statute. Fisher was advised to file his notice of appeal, and he did so on July 30, 2008.

Our Clerk granted Fisher leave to appeal in forma pauperis and advised him that his appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to

4

submit argument in writing, but he has not done so.

We will dismiss the appeal as frivolous. We have jurisdiction under 28 U.S.C. § 1291. An appellant may prosecute his appeal without prepayment of the fees, 28 U.S.C. § 1915(a)(1), but the in forma pauperis statute provides that the Court shall dismiss the appeal at any time if the Court determines that it is frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous when it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). As the District Court noted, Fisher's defense attorney is not a state actor for § 1983 purposes, Polk County, 454 U.S. 312, but, if a private defense attorney "is a willful participant in joint action with the State or its agents," that person is acting under color of state law for purposes of § 1983, Dennis, 449 U.S. 27-28.

However, the in forma pauperis statute gives courts "the unusual power to pierce the veil of the complaint's factual allegations," Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke, 490 U.S. at 327), and dismiss those complaints with factual contentions that are clearly baseless, id. We have carefully reviewed Fisher's 10-page "Motion For Amendment Supplemental Pleading," which he appears to have intended as an amended complaint, and we conclude, as did the District Court, that the amendment did not cure the defects in the original complaint. The original complaint was subject to dismissal for the reasons given by the District Court, and thus this appeal is frivolous.

For the foregoing reasons, we will dismiss the appeal as frivolous pursuant to 28

5

U.S.C. § 1915(e)(2)(B)(i). Appellant's motion for appointment of counsel is denied as moot.